UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA J. BARHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0401-CVE-PJC |
| ) | |
| K MART CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss Complaint and Brief in Support (Dkt. # 5). Defendant K Mart Corporation (K Mart) asks the Court to dismiss plaintiff's disability discrimination claims under federal and state law, because plaintiff has not alleged that a discrete act of discrimination occurred within the applicable limitations period. Defendant also asks the Court to dismiss plaintiff's claim of intentional infliction of emotional distress for failure to state a claim. Plaintiff responds that defendant's motion to dismiss should be denied or, if it is granted, she should be given leave to amend to reallege each of her claims.

**I.**

Donna J. Barham began working for K Mart in 1984 and alleges that she suffered an on-the-job wrist injury on December 30, 2006. She states that she had an exemplary employment history before she was injured. Dkt. # 2, at 3. About a month after she was injured, plaintiff claims that she was singled out for employee discipline by her managers, Mary Thomason and Kevin Greer, and that K Mart reduced her hours and gave more favorable shifts to other employees. Id. She also claims that K Mart denied her request for bereavement leave following the death of her sister, and wrote her up for taking two days off to attend her sister's funeral. Id. She generally alleges that K

Mart began to write her up for incidents for which she was not responsible, but K Mart did not discipline other employees who committed the same or more severe misconduct. Id. However, plaintiff's complaint does not explain when these events occurred, except to note that she was "constantly" disciplined following her wrist injury. From the allegations of the complaint, it appears that plaintiff is still employed by K Mart or, at least, her employment was not terminated following her wrist injury. Id. (plaintiff alleges that she has been employed by K Mart for 26 years beginning in 1984 and does not allege that she was terminated or seek relief for wrongful termination).

She filed a charge of discrimination with the Oklahoma Human Rights Commission (OHRC) on November 7, 2009 alleging that K Mart discriminated against her based on her age and disability. Dkt. # 5-2, at 3.[1] The charge states:

> I was hired in September 1984. On December 30, 2006, I suffered an on the job injury while performing my duties as Receiving Manager. I was moved to Jewelry Manager on or about October 2007. Because of my injury I have been subjected to unequal disciplinary write-up actions and harassment by my supervisors on or around February 15, 2007. I have complained about the unequal treatment and no corrective action was taken.

Dkt. # 5-1, at 3. Plaintiff filed this lawsuit alleging that K Mart's conduct constitutes unlawful discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), and the Oklahoma Anti- Discrimination Act, OKLA. STAT. tit. 25, § 1101 et seq. (OADA). Dkt. # 2, at 4-5.

---

[1] When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a district court may "consider documents referred to in the complaint if the documents are central to the plaintiff's claims and the parties do not dispute the documents' authenticity" without converting the motion into a motion for summary judgment. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). Plaintiff's complaint references her charge of discrimination and exhaustion of administrative remedies is a necessary component of any workplace discrimination claim, and consideration of plaintiff's charge does not convert defendant's motion into a motion for summary judgment.

2

She also alleges that K Mart intentionally inflicted emotional distress based on the same facts supporting her disability discrimination claims. Id. at 6.

## II.

The Court reviews defendant's motion to dismiss under Rule 12(b)(6).[2] In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those

---

[2] Defendant argues that the failure to exhaust administrative remedies is a jurisdictional prerequisite and this aspect of defendant's motion should be reviewed under Fed. R. Civ. P. 12(b)(1). Dkt. # 5, at 3-4. While the requirement to file a charge of discrimination is a jurisdictional prerequisite, the issue of whether a plaintiff has filed a timely charge is treated as a statute of limitations issue and is reviewed under Rule 12(b)(6). See Jones v. United Parcel Services, Inc., 502 F.3d 1176, 1183 (10th Cir. 2007).

allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant asks the Court to dismiss each of plaintiff's claims under Rule 12(b)(6). Defendant argues that plaintiff's federal and state claims of disability discrimination should be dismissed due to plaintiff's failure to timely exhaust her administrative remedies, and plaintiff has failed to state a claim of intentional infliction of emotional distress. Plaintiff responds that defendant's motion should be denied, because her charge and general intake questionnaire adequately alleged ongoing discrimination within the applicable limitations period and has stated a claim for intentional infliction of emotional distress.

### A.

Defendant asserts that plaintiff's charge does not allege that any discrete act of discrimination occurred within 300 days of the filing of the plaintiff's charge of discrimination, and plaintiff's ADA claim should be dismissed. Plaintiff responds that she has generally alleged that defendant engaged in "ongoing" discrimination, and she is not required to plead a specific discriminatory act that occurred within the 300 day limitations period.

To exhaust administrative remedies for an ADA claim, a plaintiff must timely file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or a state fair employment practices agency. See 42 U.S.C. § 2000e-5(b). For a charge to be timely in a deferral

state like Oklahoma,[3] the charge must be filed within 300 days of the last discriminatory act. See id. Even if a charge is timely filed, acts outside of the 300 day period may not be used as evidence to prove a claim of discrimination but may be used as background information only. Morgan, 536 U.S. at 113. If the plaintiff alleges that acts outside of the statutory time period contributed to a hostile work environment, "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." Tademy v. Union Pacific Corp., 520 F.3d 1149, 1156 (10th Cir. 2008). However, each discrete act of discrimination starts its own 300 day limitation period for filing a charge as to that act. Haynes v. Level 3 Communications, LLC, 456 F.3d 1215, 1222 (10th Cir. 2006).

Plaintiff's charge of discrimination does not allege that any discrete act of discrimination occurred within 300 days of the filing of plaintiff's EEOC charge. See Dkt. # 5-2, at 3. Plaintiff argues that her complaint alleges that she was constantly written up by defendant, and this satisfies the requirement to allege a discrete discriminatory action that occurred within 300 days of the filing of the EEOC charge. However, plaintiff's charge was filed on November 7, 2009, and the last discriminatory act must have occurred no later than January 11, 2009. Plaintiff alleges in her complaint that other employees were given better hours, but it appears that this occurred in January 2007. Dkt. # 2, at 3. Plaintiff's charge states that discriminatory conduct allegedly occurred on

---

[3] Whether a state is a deferral or non-deferral state depends on the existence of state or local fair employment practice agencies. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Shempert v. Harwick Chem. Corp., 151 F.3d 793, 796 n.3 (8th Cir. 1998). The OHRC qualifies as a state fair employment practice agency, and Oklahoma is a deferral state.

February 15, 2007, but this is well outside the 300 day limitations period. These actions do not constitute discriminatory acts that occurred within the 300 day limitations period.

Plaintiff also argues that she submitted a general intake questionnaire to the Equal Employment Opportunity Commission (EEOC) on August 10, 2009, and this can be treated as a charge of discrimination under Federal Express Corporation v. Holowecki, 552 U.S. 389 (2008). She states that the general intake questionnaire alleges that defendant was engaging in ongoing disability discrimination. Dkt. # 11, at 2. Assuming that plaintiff's general intake questionnaire could be treated as a charge under Holowecki, this does not address the issue raised by defendant, because the general intake questionnaire does not contain any allegations that a discrete act of discrimination occurred within 300 days of the filing of plaintiff's charge or intake questionnaire. In fact, plaintiff noted on the intake questionnaire that the last act of discrimination occurred more than 300 days before she filed the questionnaire.[4]  Dkt. # 11, Ex. 1, at 1. She states in her intake questionnaire that discrimination is "ongoing," but the ongoing discrimination allegedly took the form of improper write-ups. A write-up or negative performance evaluation, standing alone, is not considered an adverse employment action. See Dick v. Phone Directories Co., Inc., 397 F.3d 1256, 1270 (10th Cir. 2005); Johnson v Cambridge Indus., Inc., 325 F.3d 892, 902 (7th Cir. 2003); Handshoe v. Mercy Medical Center, 34 Fed. Appx. 441, 447 (6th Cir. 2002). Thus, even if plaintiff was "constantly" being written up, she has not shown that these write-ups constitute a discrete act of discrimination that would independently support an ADA claim.

---

[4]  The general intake questionnaire specifically asks a claimant if "your act of discrimination occur[red] more than . . . 300 days ago." Dkt. # 11, Ex. 1, at 1. Plaintiff stated "yes." Id. Thus, from the face of the general intake questionnaire, it is clear that plaintiff was not complaining about discrimination that occurred within 300 days of the filing of the general intake questionnaire.

The Court finds that plaintiff has failed to allege that any discrete act of discrimination occurred within 300 days of the filing of the EEOC charge or general intake questionnaire, and plaintiff's ADA claim should be dismissed. Plaintiff's general intake questionnaire establishes that she was complaining about events that occurred more than 300 days before she filed the questionnaire, and her charge of discrimination states that the alleged discriminatory act occurred on February 15, 2007. Plaintiff has failed to timely exhaust her administrative remedies for an ADA claim, and granting plaintiff leave to file an amended complaint would be futile.

**B.**

Defendant argues that plaintiff did not file a charge of discrimination within 180 days of any discriminatory act, and her state law claim for disability discrimination is barred under OKLA. STAT. tit. 25, § 1502. Dkt. # 5, at 5-6. Plaintiff does not respond to defendant's argument's concerning the requirement to file a charge as a matter of Oklahoma law, but reasserts her argument that she has alleged ongoing discrimination and this satisfies the 180 day limitation period.

The OADA expressly creates a claim for "handicap" discrimination but, before a claim can be filed in court, a party alleging such discrimination is required to file a charge of discrimination with the OHRC. Section 1502 provides:

> A. A person claiming to be aggrieved by a discriminatory practice, his attorney, the Attorney General, a nonprofit organization chartered for the purpose of combatting discrimination or a member of the [OHRC], may file with the [OHRC] a written sworn complaint stating that a discriminatory practice has been committed, and setting forth the facts upon which the complaint is based, and setting forth facts sufficient to enable the [OHRC] to identify the person charged, hereinafter called the respondent. The [OHRC] or a member of the [OHRC] or the staff shall promptly furnish the respondent with a copy of the complaint and shall promptly investigate the allegations of discriminatory practice set forth in the complaint. The complaint must be filed within one hundred eighty (180) days after the alleged discriminatory practice occurs.

OKLA. STAT. tit. 25, § 1502. Filing a charge of discrimination with the OHRC within 180 days of the alleged discriminatory conduct is a jurisdictional prerequisite to suit in cases of disability discrimination. Shackelford v. Oklahoma Dep't of Corrections ex rel. State, 182 P.3d 167, 168 (Okla. Civ. App. 2007); Forcum v. Via Christi Health System, 137 P.3d 1250 (Okla. Civ. App. 2006). This is true whether the plaintiff pursues a statutory claim of disability discrimination under OADA or a claim for discharge in violation of an Oklahoma public policy under Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989).[5] Thomas v. Mercy Memorial Health Center, Inc., 2007 WL 2493095, *5 n.6 (E.D. Okla. 2007); Atkinson v. Halliburton Co., 905 P.2d 772, 777 (Okla. 1995).

In this case, plaintiff filed a charge of discrimination with the OHRC but has not alleged that any discriminatory act occurred within 180 days of the filing of the charge. Instead, plaintiff alleges that defendant engaged in continuous or ongoing discrimination. For the reasons stated in connection with plaintiff's ADA claim, plaintiff's allegations of ongoing discrimination do not satisfy her burden to allege that a discrete discriminatory act occurred within the 180 day limitation period under § 1502. Plaintiff has cited no authority showing that, as a matter of Oklahoma law, general allegations of ongoing or continuous are sufficient to exhaust her administrative remedies as to discrete acts of discrimination that are not identified in her general intake questionnaire or charge of discrimination. Granting plaintiff's request for leave to file an amended complaint

---

[5] The Court notes that plaintiff must have intended to allege a statutory claim for "handicap" discrimination, because a Burk tort is permitted only for claims of wrongful discharge. See Reynolds v. Advance Alarms, Inc., 232 P.3d 907 (Okla. 2009) (stating that an essential element of a Burk tort is the termination of employment in violation of an Oklahoma public policy). Plaintiff does not allege that her employment was terminated due to her disability and she cannot state a Burk tort. However, the OADA applies to a broad range of adverse employment actions, and plaintiff is not required to allege that she was terminated in order to state a claim under the OADA. OKLA. STAT. tit. 25, § 1302.

reasserting this claim would be futile, because plaintiff cannot cure this deficiency merely by adding new factual allegations in an amended pleading.

## C.

Defendant argues that plaintiff's allegations of disability discrimination do not rise to the level of extreme and outrageous conduct as a matter of law, and plaintiff's intentional infliction of emotional distress claim should be dismissed. Dkt. # 5, at 7-9. Plaintiff responds that her allegations of disability discrimination are sufficient to state a claim of intentional infliction of emotional distress. Dkt. # 11, at 5.

Oklahoma courts have recognized a cause of action for intentional infliction of emotional distress, also known as the tort of outrage. See Gaylord Entertainment Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998). The action is governed by the narrow standards laid out in the Restatement Second of Torts, § 46. Id. In Breeden v. League Services Corp., 575 P.2d 1374 (Okla. 1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arounse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

Id. at 1376. To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Schovanec v. Archdiocese of Oklahoma City, 188 P.3d 158, 175 (Okla. 2008) (quoting Computer Publications, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002)). Under Oklahoma law, the trial court

must assume a "gatekeeper role" and make an initial determination that the defendant's conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." Trentadue v. United States, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law). If reasonable persons could reach differing conclusions in the assessment of the disputed facts, the Court should submit the claim to a jury to determine whether the defendant's conduct could result in liability. Id. The Court is to make a similar threshold determination with regard to the fourth prong, the presence of severe emotional distress. Id.

In cases arising out of the workplace, Oklahoma appellate courts have found that a defendant engaged in extreme and outrageous conduct only when that defendant intentionally and persistently engaged in a course of conduct that harmed the plaintiff. See Computer Publications, 49 P.3d at 736 (claim should have been submitted to a jury when plaintiff presented evidence that harassment lasted more than two years and caused plaintiff to quit her job, move and repeatedly change phone numbers); Miner v. Mid-America Door Co., 68 P.3d 212 (Okla. Civ. App. 2002) (employer's alleged failure to reassign the plaintiff after learning of workplace harassment, even if unreasonable, was not extreme and outrageous); Gabler v. Holder & Smith, Inc., 11 P.3d 1269 (Okla. Civ. App. 2000) (noting that workplace harassment rarely rises to the level of extreme and outrageous conduct); Mirzaie v. Smith Cogeneration, Inc., 962 P.2d 678 (Okla. Civ. App. 1998) (employer's conduct was not extreme and outrageous when, inter alia, the plaintiff's manager made derogatory sexual remarks about the plaintiff, woke plaintiff up in the middle of the night to do unnecessary work, and terminated him two hours before his wedding); Zahorsky v. Community Nat'l Bank of Alva, 883 P.2d 198 (Okla. Civ. App. 1994) (employer not liable for intentional infliction of emotional distress

when an employee forced the plaintiff to have sex with him and employer failed to fire the employee, even though the employer allegedly knew about the conduct).

The Court finds that plaintiff's intentional infliction of emotional distress claim should be dismissed, and she will not be given leave to file an amended complaint reasserting this claim. Plaintiff's allegations that defendant discriminated against her by writing her up for falsified or overstated misconduct and by giving better shifts to other employees do not constitute extreme and outrageous conduct. Workplace discrimination or harassment rarely rises to the level of extreme and outrageous conduct, and plaintiff's allegations do not suggest that the alleged discrimination in this case is similar to any case in which an Oklahoma appellate court has found extreme and outrageous conduct in the workplace setting. Thus, plaintiff has not stated a plausible claim of intentional infliction of emotional distress and there is no basis for the Court to infer that plaintiff will be able to state such a claim if given leave to amend.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Complaint and Brief in Support (Dkt. # 5) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 14th day of September, 2010.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE